IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN EDWAN RYE, JR.,<br>    Plaintiff<br><br>vs.<br><br>ERIE COUNTY PRISON, et al.,<br>    Defendants. | C.A.No. 08-193Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the motion for summary judgment filed by Defendant Erie County Prison [Document # 15] be denied and the motion for summary judgment filed by Defendant Prison Health Services [Document # 25] be granted.

**II.    REPORT**

**A.    Relevant Factual and Procedural History**

On July 1, 2008, Plaintiff filed this *pro se* action claiming that his constitutional rights had been violated during his incarceration at the Erie County Prison. At the time of the filing of the complaint, Plaintiff was incarcerated within the Erie County Prison, but he has since been released. The only named Defendants to this action are: the "Erie County Prison" and "Prison

1

Health Services."

In his complaint, Plaintiff alleges:

> I filed a inmate medical request on 3-20-08 for M.R.S.A. [sic] made repeaded [sic] request to medical staff from 3-20-08 – 3-30-08. For questioning Department of Corrections treatment, I was place [sic] into R.H.U. for 46 days confinement.

Document # 3. As relief, Plaintiff seeks monetary damages.

Defendants are represented separately and have each filed a motion for summary judgment. Documents ## 15 and 25. Plaintiff has filed a brief in opposition to the motion for summary judgment filed by Defendant Erie County Prison and has filed fifty-five pages of exhibits in support of his complaint. Documents ## 23 and 32.

The issues are ripe for disposition by this Court.


**B.     Standard of Review  -  Motion for summary judgment**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has

failed to present any genuine issues of material fact.  See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997).  The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990).  Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'"  Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial.  Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim.  Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions."  Firemen's Ins. Company of Newark,

N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

      **C.**      **Construing the *Pro Se* Complaint**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

Here, Plaintiff's short complaint raises two separate and distinct claims. First, he claims that he received inadequate medical treatment for a MRSA infection, and second, he claims that prison staff placed him in RHU as retaliation for his complaints regarding the inadequate

4

medical care.[1]  Importantly, neither Defendant has moved for summary judgment on this second claim.

### D. Motion for summary judgment by Defendant Erie County Prison

Defendant Erie County Prison argues that Plaintiff's claim of inadequate medical treatment should be dismissed because Plaintiff has failed to exhaust his administrative remedies in accordance with the requirements of the PLRA[2].

#### 1. The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility *until such administrative remedies as are available are exhausted*.

Id (emphasis added).[3]

---

[1]  "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990).  "Government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).

[2]  Defendant PHS has not moved for summary judgment on this basis.

[3]  It is not a plaintiff's burden to affirmatively plead exhaustion.  Jones v. Bock, 549 U.S. 199, 217  (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)).  Instead, the

5

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[4] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion"). The Third Circuit has made clear that there is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory

---

failure to exhaust must be asserted and proven by the defendants. Ray, 285 F.3d at 295. In categorizing exhaustion as an affirmative defense, the Third Circuit outlined the underlying policy considerations: "... it appears that it is considerably easier for a prison administrator to show a failure to exhaust than it is for a prisoner to demonstrate exhaustion. Prison officials are likely to have [...] superior access to prison administrative records in comparison to prisoners. Prison officials and their attorneys can also readily provide the court with clear, typed explanations, including photocopies of relevant administrative regulations. *Pro se* prisoners will often lack even such rudimentary resources." Id.

[4] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.")

6

exhaustion requirement.'").[5]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### 2. The Administrative Process Available to Erie County Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define

---

[5] See also Woodford, 548 U.S. at 85 ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. at 218.

The Erie County Prison has established a multi-tier system whereby an inmate may seek formal review of aspects of his imprisonment. (The inmate grievance procedure is detailed in Policy 510-01, effective February 28, 2004.) The written policy indicates that, initially "inmates should first attempt to verbally resolve grievances, incidents, problems, or complaints through their housing unit staff." Id. If the issue is not resolved informally, the inmate may file a written grievance with the inmate's counselor within fifteen days following the event. Id. The policy further provides that within twenty days of the filing of the grievance, the inmate shall receive a written response. Id. In the event the inmate is unhappy with the initial result of the grievance, he may appeal within five working days to the Warden, who shall make a determination on the appeal within ten working days. Id.

### 3. Analysis

Defendant Erie County Prison has provided evidence in support of its argument that Plaintiff failed to exhaust his administrative remedies as to the claim of inadequate medical treatment. Deputy Warden Vincent Kinnane of the Erie County Prison has provided a sworn Declaration indicating that Plaintiff filed a grievance on April 1, 2008 challenging the quality of his health care. Document # 18, ¶ 5. Warden Kinnane further indicates that he denied the grievance after investigation and that Plaintiff did not appeal that decision. Id. at ¶¶ 5-7.[6]

---

[6] The evidence indicates that Plaintiff filed an additional grievance as to this issue in June of 2008, outside of the relevant time period of the complaint. Document # 18.

In his Opposition Brief, Plaintiff argues that his failure to exhaust his administrative remedies should be excused. Plaintiff declares, under penalty of perjury, that:

> on 4/1/08 I filed a grievance on quality of health care and filed another grievance on 6/24/08 copy's provided herein. No where [sic] on this form is there an address to an appeal's process also on 4-3-08 readdressed Dep. Warden Kinnane and on 4-5-08 had a confrence [sic] to further discuss the issues of the grievances filed and at this meeting Dep. Warden Kinnane stated to me that there was no further appeal that his say was final as an appeal would come to him anyway's [sic] and he would denie [sic] it. And stated that this matter was closed as far as he was concerned. Therefore [sic] leading me to beleave [sic] that his decision was final. Therefor [sic] making me think I had exhausted inhouse remedy's [sic].

Document # 23. Attached to Plaintiff's opposition brief is a copy of Deputy Warden Kinnane's April 1, 2008 response to Plaintiff's first grievance which indicates that Plaintiff tried to followup with Kinnane, and did later have a conference with Kinnane, but was not allowed to raise all of his issues because no attachments were permitted. Document # 23, page 6.

In reply to the Opposition, Defendant Erie County Prison characterizes Plaintiff's opposition argument as one of futility countering that futility provides no legal excuse for the failure to exhaust under the PLRA. Defendant is correct in its assertion that futility provides no legal excuse for the failure to exhaust. See Booth. However, Defendant misunderstands the impact of Plaintiff's sworn declaration which goes to the availability of the administrative remedy process rather than its futility.

A prisoner need not exhaust every administrative remedy, only those administrative remedies which are *available* to him. Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000). In this context, "available" means "capable of use" (Brown v. Croak, 312 F.3d 109,113 (3d Cir. 2002)) and the availability of the administrative remedy process is a question of law (Ray, 285 F.3d at 291). Interference with an inmate's attempts at exhaustion impact the availability of the

9

administrative remedy process. Brown, 312 F.3d at 111; Camp, 219 F.3d at 281. "A grievance procedure is not available even if one exists on paper if the defendant prison officials somehow prevent a prisoner from using it." Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (administrative remedies process not available to inmate where prison staff refused to provide him with necessary forms).[7]

Plaintiff's declaration that Kinnane led him to believe that Kinnane's decision was final and that no other avenue for appeal existed is sufficient at this point in the proceedings to create a material issue of fact as to the *availability* of the administrative remedy process to Plaintiff. Accordingly, the motion for summary judgment filed by Defendant Erie County Prison should be denied.

---

[7] See also Berry v. Klem, 283 Fed. Appx. 1, 5 (3d Cir. March 20, 2009) ([Plaintiff] contended that the severity of his injuries prevented him from timely filing his initial grievance. [... and] also argued that the administrative grievance process was not available to him because he feared serious harm for filing a grievance. While that claim may not ultimately prevail, his allegations put in question the availability of the remedy."); McKinney v. Guthrie, 2009 WL 274159, at * 1 (3d Cir. Feb. 20, 2009) ("[A]n administrative remedy may be unavailable if a prisoner is prevented by prison authorities from pursuing the prison grievance process."); Brown, 312 F.3d at 113 ("Assuming security officials told Brown to wait for the termination of the investigation before commencing a formal claim, and assuming the defendants never informed Brown that the investigation was completed, the formal grievance proceeding required by DC-ADM 804 was never "available" to Brown within the meaning of 42 U.S.C. § 1997e.").

### E.     Motion for summary judgment by Defendant Prison Health Services

Defendant Prison Health Services has moved for summary judgment arguing that Plaintiff has failed to state a cognizable Eighth Amendment claim. Despite being given the opportunity to do so (see Document # 30), Plaintiff has not filed a brief in opposition to this pending motion for summary judgment.

In order to establish liability under § 1983, a plaintiff must show that: (1) he was deprived of rights secured by United States Constitution or laws of United States, and (2) he was subjected or caused to be subjected to constitutional deprivation by person acting under color of state law. 42 U.S.C.A. § 1983. In addition, entities acting under color of state law cannot be held liable under 42 U.S.C. § 1983 solely on a *respondeat superior* theory. Monell v. Department of Social Services, 436 U.S. 658 (1978).

"A private health care provider," like Defendant PHS, "acting under color of state law [...] can be liable under 1983 for Eighth Amendment violations stemming from inadequate medical treatment[8] of prisoners." Johnson v. Stempler, 2007 WL 984454, at 4 (E.D. Pa.).

In order to state a viable claim under section 1983 against Prison Health Services, Plaintiff must allege that he was injured as the result of a "policy or custom" of this entity-defendant. Monell, 436 U.S. 691. A "[p]olicy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir.

---

[8] In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978).

1990).  A custom "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law."  Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).

Defendant PHS has produced evidence demonstrating that it has three separate policies concerning the medical care of MRSA at the Erie County Prison.  Document # 26-2.  PHS maintains a "MRSA Precautions Nursing Protocol" which governs how PHS's medical personnel are to treat inmates with MRSA; PHS's "Infection Control Manual" addresses the treatment of MRSA and the prevention of its spread in prison facilities; and, PHS maintains a "MRSA Fact Sheet" to educate inmates and prison staff regarding the care and treatment of MRSA.  Id. at Affidavit Jeffrey Barninger, ¶¶ 4-6, et seq.

Plaintiff's complaint contains no allegations regarding a custom or policy of PHS.  McTernan v. City of York, ___ F.3d ___, ___, 2009 WL 1111097, at * 16 (3d Cir. April 27, 2009) ("To satisfy the pleading standard, McTernan must identify a custom or policy, and specify what exactly that custom or policy was.").  Further, in order to survive summary judgment, "a plaintiff **must present evidence** of a policy, practice, or custom which caused or exacerbated a serious medical need and was instituted with deliberate indifference to the consequences."  Johnson, at 4 (emphasis added).  Plaintiff has not filed an opposition to the pending motion for summary judgment and has not presented evidence in support of his claim as he must do in the face of a motion for summary judgment.  Celotex, 477 U.S. at 322.  Accordingly, the motion for summary judgment filed by PHS should be granted.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion for summary judgment filed by Defendant Erie County Prison [Document # 15] be denied and the motion for summary judgment filed by Defendant Prison Health Services [Document # 25] be granted.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                  S/ Susan Paradise Baxter
                                                  SUSAN PARADISE BAXTER
                                                  Chief U.S. Magistrate Judge

Dated: May 19, 2009