IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**JOHN EDWAN RYE, JR.,**     )
    **Plaintiff**     )
         )
vs.     )     **C.A.No. 08-193Erie**
         )     **District Judge McLaughlin**
**ERIE COUNTY PRISON, et al.,**     )     **Magistrate Judge Baxter**
    **Defendants.**     )

**MEMORANDUM ORDER**

**Procedural History**

On July 1, 2008, Plaintiff filed this *pro se* action claiming that his constitutional rights were violated during his incarceration at the Erie County Prison. At the time of the filing of the complaint, Plaintiff was incarcerated within the Erie County Prison, but he has since been released. The only named Defendants to this action are "Erie County Prison" and "Prison Health Services."

In response to the complaint, Defendants, represented separately, each filed a motion for summary judgment. Documents ## 15, 25. By Report and Recommendation filed May 19, 2009, Magistrate Judge Baxter recommended that the motion for summary judgment filed by Defendant Erie County Prison be denied and the motion for summary judgment filed by Defendant Prison Health Services be granted. Document # 37. Defendant Erie County Prison filed Objections to the Report and Recommendation. Documents ## 39, 40. Plaintiff filed no objections.

***De Novo* Review**

In his *pro se* complaint, Plaintiff alleges:

> I filed a inmate medical request on 3-20-08 for M.R.S.A. [sic] made repeaded [sic] request to medical staff from 3-20-08 – 3-30-08. For questioning Department of Corrections treatment, I was place [sic] into R.H.U. for 46 days confinement.

Document # 3. Magistrate Judge Baxter liberally construed Plaintiff's *pro se* allegations as

raising both an Eighth Amendment claim and a separate retaliation claim[1]. Neither Defendant addressed the retaliation claim in its motion for summary judgment.

In its motion for summary judgment, Defendant Erie County Prison argued that summary judgment should be granted as to the Eighth Amendment claim on the sole basis of Plaintiff's failure to exhaust his administrative remedies in accordance with the requirements of the Prison Litigation Reform Act.[2]

In her Report and Recommendation, Magistrate Judge Baxter found that Erie County Prison provided evidence demonstrating that Plaintiff did not fully exhaust because he failed to appeal Warden Kinnane's denial of his initial grievance. However, she then concluded that summary judgment was inappropriate as there was a material issue of fact as to the **availability** of the administrative remedy process to Plaintiff. More specifically, she explained:

> In his Opposition Brief, Plaintiff argues that his failure to exhaust his administrative remedies should be excused. Plaintiff declares, under penalty of perjury, that:
>
> > *on 4/1/08 I filed a grievance on quality of health care and filed another grievance on 6/24/08 copy's provided herein. No where [sic] on this form is there an address to an appeal's process also on 4-3-08 readdressed Dep. Warden Kinnane and on 4-5-08 had a confrence [sic] to further discuss the issues of the grievances filed and at this meeting Dep. Warden Kinnane stated to me that there was no further appeal that his say was final as an appeal would come to him anyway's [sic] and he would denie [sic] it. And stated that this matter was closed as far as he*

---

[1] Pursuant to the holding of Haines v. Kerner, 404 U.S. 519 (1972), and its progeny, a court must liberally construe the allegations of a *pro se* litigant. In doing so, Magistrate Judge Baxter concluded that: "Plaintiff's short complaint raises two separate and distinct claims. First, he claims that he received inadequate medical treatment for a MRSA infection, and second, he claims that prison staff placed him in RHU as retaliation for his complaints regarding the inadequate medical care." Document # 37, pages 4-5.

[2] "It is the plaintiff's status at the time he files suit that determines whether § 1997e(a)'s [the PLRA's] exhaustion provision applies." Norton v. City of Marietta, 432 F.3d 1145, 1150 (10th Cir. 2005) citing Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005); Witzke v. Femal, 376 F.3d 744, 750 (7th Cir. 2004); Cox v. Mayer, 332 F.3d 422, 424-25 (6th Cir. 2003); Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002); Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000); Greig v. Goord, 169 F.3d 165, 167 (2d Cir.1999). Here, Plaintiff was a prisoner on the date he filed this action, and so, he must comply with the requirements of the PLRA.

> *was concerned. Therefore [sic] leading me to beleave [sic] that his decision was final. Therefor [sic] making me think I had exhausted inhouse remedy's [sic].*
>
> Document # 23. Attached to Plaintiff's opposition brief is a copy of Deputy Warden Kinnane's April 1, 2008 response to Plaintiff's first grievance which indicates that Plaintiff tried to followup with Kinnane, and did later have a conference with Kinnane, but was not allowed to raise all of his issues because no attachments were permitted. Document # 23, page 6.
>
> In reply to the Opposition, Defendant Erie County Prison characterizes Plaintiff's opposition argument as one of futility countering that futility provides no legal excuse for the failure to exhaust under the PLRA. Defendant is correct in its assertion that futility provides no legal excuse for the failure to exhaust. See Booth. However, Defendant misunderstands the impact of Plaintiff's sworn declaration which goes to the **availability** of the administrative remedy process rather than its futility.
>
> * * *
>
> **Plaintiff's declaration that Kinnane led him to believe that Kinnane's decision was final and that no other avenue for appeal existed is sufficient at this point in the proceedings to create a material issue of fact as to the *availability* of the administrative remedy process to Plaintiff.** Accordingly, the motion for summary judgment filed by Defendant Erie County Prison should be denied.

Document # 37, pages 8-9 (bold added, but italics in original).

Defendant Erie County Prison now contends that Magistrate Judge Baxter erred in her conclusion. Defendant summarizes its understanding of the exceptions to the PLRA's exhaustion requirement:

> While the PLRA's exhaustion requirement is mandatory, certain caveats apply. Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004). These caveats fall into three categories: when (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement. Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004). [...] The Second Circuit employs an objective test for deciding whether the ordinary grievance procedures are available: that is, would a similarly situated individual of ordinary firmness have deemed them available. Id. at 688.

Document # 39, pages 5-6.

The Third Circuit has held, however, that interference with an inmate's attempts at exhaustion impact the availability of the administrative remedy process. Mitchell v. Horn, 318

3

F.3d 523, 529 (3d Cir. 2003) ("A grievance procedure is not available even if one exists on paper if the defendant prison officials somehow prevent a prisoner from using it."). See also Berry v. Klem, 283 Fed. Appx. 1, 5 (3d Cir. March 20, 2009) ([Plaintiff] contended that the severity of his injuries prevented him from timely filing his initial grievance. [... and] also argued that the administrative grievance process was not available to him because he feared serious harm for filing a grievance. While that claim may not ultimately prevail, his allegations put in question the availability of the remedy."); McKinney v. Guthrie, 2009 WL 274159, at * 1 (3d Cir. Feb. 20, 2009) ("[A]n administrative remedy may be unavailable if a prisoner is prevented by prison authorities from pursuing the prison grievance process."); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) ("Assuming security officials told Brown to wait for the termination of the investigation before commencing a formal claim, and assuming the defendants never informed Brown that the investigation was completed, the formal grievance proceeding required by DC-ADM 804 was never "available" to Brown within the meaning of 42 U.S.C. § 1997e.").

In the present case, Plaintiff has provided sworn testimony that Deputy Warden Kinnane told him that there was no further appeal, that his decision was final, and that the matter was closed. See Document # 23. Under the case law of this Circuit, this evidence is sufficient to raise a material issue of fact as to whether the full administrative remedy process was available to Plaintiff.

Next, Defendant takes issue with Magistrate Judge Baxter's conclusion that it did not move for summary judgment as to the retaliation claim. Defendant argues that it moved for summary judgment against Plaintiff's complaint "in its entirety" and that "this included Plaintiff's Eighth Amendment retaliation claim." Document # 39, pages 9-10.

Here, the Magistrate Judge's conclusion that the Defendant's motion for summary judgment addressed only Plaintiff's Eighth Amendment claim was reasonable. A claim under the Eighth Amendment challenging medical care and a retaliation claim challenging a placement in restricted housing following his complaints about the adequacy of his medical care are two separate and distinct claims. See Document # 37, Report and Recommendation, page 5,

footnote 1. Retaliation claims do not arise under the Eighth Amendment proscription against cruel and unusual punishment. Instead,"[r]etaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990). See also Kelly v. York County Prison, Slip Copy, 2009 WL 2414379, at *1 (3d Cir. Aug. 7, 2009) quoting Mitchell v. Horn, 318 F.3d at 530.[3]

**Conclusion**

AND NOW, this 14th day of September, 2009;

Following a *de novo* review of the pleadings in this case,

IT IS HEREBY ORDERED that the Report and Recommendation by Magistrate Judge Baxter be adopted in full. The motion for summary judgment filed by Defendant Erie County Prison [document # 15] is DENIED and the motion for summary judgment filed by Defendant Prison Health Services [document # 25] is GRANTED. The Eighth Amendment claim against Defendant Prison Health Services is dismissed and the Eighth Amendment claim against Erie County Prison remains pending. The retaliation claim against both Defendants remains pending.

Magistrate Judge Baxter will issue Case Management deadlines in this case by separate order.

S/ Sean J. McLaughlin
SEAN J. MCLAUGHLIN
UNITED STATES DISTRICT JUDGE

---

[3] Defendant Erie County Prison is not precluded from moving for summary judgment on the Plaintiff's retaliation claim on a more fully developed record.