# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN EDWAN RYE, JR., | ) | |
| Plaintiff, | ) | Civil Action No. 08-193 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge Sean J. McLaughlin |
| ERIE COUNTY PRISON, et al., | ) | Magistrate Judge Susan Paradise Baxter |
| Defendants. | ) | |


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


## I.    RECOMMENDATION

It is respectfully recommended that the motion for summary judgment filed by Defendant Prison Health Services, Inc. [ECF No. 44] be granted and that the motion for summary judgment filed by Defendant Erie County Prison [ECF No. 50] be granted. The Clerk of Courts should be directed to close this case.


## II.    REPORT

### A.    Relevant Procedural History

In July 2008, Plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983 against Defendants the Erie County Prison and Prison Health Services ("PHS"). PHS is a private corporation, which has contracted with the Erie County Department of Corrections to be its health care provider. [See ECF No. 51-4 at pp. 12-14; ECF No. 51-6 at pp. 25-46]. The Erie County Department of Corrections has a medical services contract with PHS to provide necessary health care to its inmates. [Id. at p. 12; ECF No. 51-6 at pp. 25-46].

Plaintiff contends that on March 20 through March 30, 2008, during which time he was incarcerated at the Erie County Prison,[1] he received inadequate medical treatment for Methicillin-

---

[1] Plaintiff was housed at the Erie County Prison beginning around August 22, 2007. He was still housed there at the time of the filing of the Complaint, but he has since been released.

Resistant Staphylococcus Aureau ("MRSA") in violation of his Eighth Amendment rights.[2] He also contends that in retaliation for complaining about the inadequate medical treatment, he was placed in the Restrictive Housing Unit ("RHU") for forty-three days.[3] [ECF No. 3 at p. 3].

Defendants are represented separately and each previously filed a motion for partial summary judgment. [ECF Nos. 15, 25]. On September 14, 2009, the Court issued a Memorandum Order, Rye v. Erie County Prison, 689 F.Supp.2d 770 (W.D. Pa. Sept. 14, 2009) [also at ECF No. 42] adopting in full the undersigned's Report and Recommendation [ECF No. 37] in which it was recommended that Plaintiff's Eighth Amendment claim against PHS be dismissed. In that same Memorandum Order, the Court denied the Erie County Prison's motion for summary judgment, in which it had argued that Plaintiff's Eighth Amendment claim should be dismissed because he failed to exhaust his administrative remedies. Therefore, the Eighth Amendment claim remains pending against the Erie County Prison, and the retaliation claim, which was not at issue in the previously-filed motions for summary judgment, is still pending against both Defendants.

PHS has filed a second motion for summary judgment [ECF No. 44] on the retaliation claim. The Erie County Prison [ECF No. 50] has filed a second motion for summary judgment regarding both the Eight Amendment and retaliation claims. Plaintiff has not filed an opposition to either motion for summary judgment.

---

[2] The Eighth Amendment "requires prison officials to provide basic medical treatment to" inmates. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) citing Estelle v. Gamble, 429 U.S. 97 (1976). The Eighth Amendment prohibits the "'unnecessary and wanton infliction of pain contrary to contemporary standards of decency.'" Id. quoting Helling v. McKinney, 509 U.S. 25, 32 (1993). In the context of prison medical care, in order to state a cognizable claim for the denial of medical treatment, the plaintiff must prove that (1) he had a serious medical need, and (2) that the defendants were deliberately indifferent to that need. Id.

[3] "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990). "Government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).

### B. Standards Of Review

#### 1. *Pro se* pleadings

*Pro se* pleadings, "however inartfully pleaded,"must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 647 (7th Cir. 1992); Freeman v. Dep't of Corr., 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

#### 2. Motion for summary judgment pursuant to Rule 56

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v.

American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-61 (3d Cir. 1989) (the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (*i.e.*, depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," *i.e.*, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-49.

**C.     Applicable Law**

Section 1983 authorizes an injured plaintiff to assert a claim for relief against a person who violated his or her federally protected rights while acting under color of state law.  It provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.  Thus, in order to establish liability under § 1983, a plaintiff must show that: (1) he or she was deprived of rights secured by the United States Constitution or laws of the United States, and (2) he or she was subjected or caused to be subjected to constitutional deprivation by a person acting under the color of state law.  See, e.g., Anderson v. Davila, 125 F.3d 148, 159 (3d Cir. 1997).

In Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978), the United States Supreme Court held that municipalities and other local governmental units, such as the Erie County Prison, are "persons" subject to liability under § 1983.  In so ruling, however, the Monell Court declared that municipal liability may not be premised on the mere fact that the governmental unit employed the offending official, that is, through application of the doctrine of *respondeat superior*.  436 U.S. at 690.  Instead, the Court concluded that a governmental unit may be liable under § 1983 only when its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  Id. at 694.  The "official policy" requirement distinguishes acts of the municipality from acts of employees of the municipality, thereby limiting liability to action for which the municipality is actually responsible.  Id.  Although Monell involved a municipality, its holding also has routinely been extended to private corporations, like PHS.  See Rye, 689 F.Supp.2d at 779.

Therefore, to prevail on a § 1983 claim against either the Erie County Prison or PHS, Plaintiff must show that he was injured as the result of a "policy or custom" of the

entity-defendant.  Id.  A "[p]olicy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986).  A custom "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).  In order to survive summary judgment, "a plaintiff **must present evidence** of a policy, practice, or custom" which caused the injury of which plaintiff complains.  Rye, 689 F.Supp.2d at 780-81 (citation omitted).

### D.    Motion for summary judgment by Defendant Erie County Prison

Defendant Erie County Prison argues in its motion that the undisputed evidence of the summary judgment record shows that it had no custom or policy that would make it liable to Plaintiff under the Eighth Amendment or on a claim of retaliation.  In support, the Erie County Prison has produced, *inter alia*, the following evidence: its health services agreement with PHS [ECF No. 51-6 at pp. 25-46]; its policies relating to the medical treatment of inmates, their access to health services and the grievance system, the qualifications of heath care personnel, and its medical emergency response plans [ECF No. 51-3 at pp. 5-8, pp. 17-25; ECF No. 51-4 at pp. 27-35]; its policies regarding internal health care review and quality, and regarding procedures for initial medical screening assessments and periodic medical examinations for inmates [id. at pp. 36-39]; its policies regarding its infection control program, its clinical services, its continuity of care, and its treatment plan for inmates that require close medical supervision [id. at pp. 42-50]; its policies regarding medical isolation and care for inmates with chronic medical conditions [ECF No. 51-4 at pp. 6-9, pp. 38-40]; its policy regarding its contract with PHS to provide continuous medical services to all inmates [id. at pp. 12-14; ECF No. 51-5 at pp. 12-14]; its inmate grievance procedure, which specifically prohibits retaliation against an inmate for filing a grievance [ECF No. 51-5 at pp. 28-31]; its inmate discipline policy [id. at pp. 34-39]; and, its

6

inmate handbook [id. at pp. 40-50; ECF No. 51-6 at pp. 1-24].[4]

The Erie County Prison's evidence establishes that it has no custom or policy that may have caused a violation of Plaintiff's constitutional rights under either the Eighth Amendment or for unlawful retaliation. Plaintiff has failed to direct the Court to any evidence to create a genuine issue of fact. Accordingly, the Erie County Prisons' motion for summary judgment should be granted.

### E. Motion for summary judgment by Defendant PHS

PHS moves for summary judgment on the only claim remaining against it – Plaintiff's retaliation claim. It maintains that Plaintiff has not and cannot come forward with any evidence of the existence of any policy or custom maintained by it which authorizes retaliation against inmates for complaining about medical care. PHS further points out that it and its employees had no involvement whatsoever in the decision to place Plaintiff in the RHU in July 2008 (which is the only time Plaintiff was in the RHU according to the evidence of record, see note 4). [ECF No. 45-2, Affidavit of Jeffrey Barninger, ¶¶ 4-5].

Plaintiff has not presented evidence in support of his retaliation claim against PHS as he must do in the face of a motion for summary judgment. Accordingly, PHS's motion for summary judgment should be granted.

---

[4] The Erie County Prison also has submitted evidence to show that, contrary to Plaintiff's allegation, he was not placed into the RHU for forty-six days because he complained about his medical care. On January 7, 2008, Plaintiff brought to the attention of the prison staff that he was suffering from MRSA. Beginning January 9, 2008, he was housed in an administrative segregation cell because of his MRSA infection, and he remained there until he was cleared for placement in the general prison population by Dr. Eric Milie on February 19, 2008. [ECF No. 51 at p. 1]. On July 12, 2008, Plaintiff was sentenced to fifteen days in the RHU for misconduct that occurred on that date involving an altercation had with another inmate. [Id. at p. 2].

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion for summary judgment filed by Defendant PHS [ECF No. 44] be granted and that the motion for summary judgment filed by Defendant Erie County Prison [ECF No. 50] be granted. The Clerk of Courts should be directed to close this case.

In accordance with Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of serve to file written objection to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. No extensions of time will be granted. Failure to file timely objections may constitute waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge


Dated: August 10, 2010

cc:     The Honorable Sean J. McLaughlin
        United States District Judge